IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **FREDDIE BURROUGHS JR.,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:09-CV-562-A |
| § | |
| **RICK THALER, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Freddie Burroughs Jr., TDCJ #624940, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Palestine, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURE HISTORY

On July 20, 1992, pursuant to a plea bargain agreement, Burroughs pled guilty to two

instances of burglary of a building in Tarrant County, Texas, and received concurrent 25-year sentences. (2State Habeas R. at 36; 3State Habeas R. at 36)[1] Burroughs was released on parole on July 25, 1996. (Resp't Preliminary Resp., Exhibit A) While on release, he was arrested for possession of a controlled substance, heroin, in a drug-free zone. (*Id.*) Burroughs was convicted of the new offense on September 29, 2008, and received a 3-year sentence, to run concurrently with his 25-year sentences. As a result of his new conviction, his parole was revoked on October 22, 2008. (*Id.*) Burroughs was denied street time of 12-years, 2-months, and 20-days pursuant to § 508.283(b) of the Texas Government Code. TEX. GOV'T CODE ANN. § 508.283(b) (Vernon 2004). Burroughs sought administrative time dispute resolution and state habeas relief to no avail. (2State Habeas R. at 22) *Ex parte Burroughs*, Application Nos. WR-25,832-02 & -03, at cover. This federal petition for writ of habeas corpus followed.

### D. ISSUES

Burroughs claims TDCJ has violated his constitutional right to due process by denying him credit for street time, to which he is entitled pursuant to § 508.283(c). (Petition at 7)

### E. RULE 5 STATEMENT

Thaler believes that Burroughs has sufficiently exhausted his state remedies on the issue presented as required by 28 U.S.C. § 2254(b) and that this petition is not subject to dismissal as time-barred or successive. (Resp't Answer at 3)

### F. DISCUSSION

Burroughs contends that he is entitled to street time credit under § 508.283(c) because he has

---

[1] "2State Habeas R." refers to the record of Burroughs state habeas application no. WR-25,832-02; "3State Habeas R." refers to the record of his state habeas application no. WR-25,832-03.

met the statute's midpoint requirements and he has no prior convictions described under § 508.149(a). Section 508.283 provides, in relevant part:

> (b) If the parole, mandatory supervision, or conditional pardon of *a person described by Section 508.149(a)* is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.
>
> (c) If the parole, mandatory supervision or conditional pardon of a person other than *a person described by Section 508.149(a)* is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant of summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the persons release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE ANN § 508.283(b), (c) (emphasis added).

Section 508.149(a), entitled "Inmates Ineligible for Mandatory Supervision," provides, in relevant part:

> (a) An inmate may not be released to mandatory supervision if the inmate is *serving a sentence for* or has been previously convicted of:
> . . .
> (14) a felony for which the punishment is increased under Section 481.134 or Section 481.140, Health and Safety Code [possession of a controlled substance, heroin, in a drug free zone];
> . . .

*Id.* § 508.149(a)(1), (14) (Vernon Supp. 2009) (emphasis added).

Thus, § 508.283(c) grants certain offenders, who have their parole or mandatory supervision

revoked on or after September 1, 2001, credit for the portion of time they spent on parole or mandatory supervision. Eligibility under § 508.283(c) is determined by the law in effect on the date the releasee's parole or mandatory supervision was revoked, including the version of § 508.149(a) in effect on the date of revocation, rather than on the date of the releasee's original offense. *Ex parte Hernandez,* 275 S.W.3d 895, 897 (Tex. Crim. App. 2009); *Ex parte Johnson,* 273 S.W.3d 340, 342-43 (Tex. Crim. App. 2008).

Since the time of his post-2001 parole revocation, Burroughs was a person described in § 508.149(a), as a result of his 2008 conviction for possession of heroin, for which his punishment was increased under § 481.134 (Drug-Free Zones), and, thus, disentitled under § 508.283(b) to street time credit for time spent on parole prior to revocation. Contrary to Burroughs's assertion, he does not qualify for relief under § 508.283(c), as determined by TDCJ and the state courts, and he has no state or corresponding federal constitutional right to street time credit. *See Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001); *Morrison v. Johnson*, 106 F.3d 127, 129 (5th Cir. 1997) (a prisoner serving the remaining portion of his sentence after revocation does not violate the Constitution). It is well established that, as a matter of federal due process, a Texas parole violator has no constitutional right to credit on his sentence for time spent on parole. *See Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir. 1997); *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); *Hamill v.* Wright, 870 F.2d 1032, 1036-37 (5th Cir. 1989); *Starnes v. Cornett*, 464 F.2d 524, 524 (5th Cir. 1972).

Burroughs has failed to prove that he has been denied any constitutionally protected right. Absent a claim that Burroughs has been deprived of some right secured to him by the United States Constitution or laws, habeas relief is not available. *Thomas v. Torres,* 717 F.2d 248, 249 (5th Cir.

4

1983).

## II.  RECOMMENDATION

Based on the foregoing, it is recommended that Burroughs's petition for writ of habeas corpus be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 11, 2010.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February 11, 2010, to

serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 21, 2010.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE