IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 2 3 2010
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | | |
|---|---|---|
| FREDDIE BURROUGHS, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-562-A |
| | § | |
| RICK THALER, DIRECTOR, TEXAS | § | |
| DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, | § | |
| | § | |
| Respondent. | § | |

ORDER

In September 2009 petitioner, Freddie Burroughs, Jr., filed his petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. The petition was referred to United States Magistrate Judge Charles Bleil for findings, conclusions, and recommendation. On January 21, 2010, Judge Bleil issued his findings, conclusions and recommendation. On February 4, 2010, petitioner filed his objections thereto. For the reasons given below, the court has concluded that the findings and conclusions of Magistrate Judge Bleil are sound, and that petitioner's objections thereto are without merit.

In July 1992 petitioner was convicted in state court of two burglary-of-a-building offenses, for which he was sentenced to two 25-year terms of imprisonment to be served concurrently. He

was released on parole in July 1996. While on release, he committed in July 2008 the offense of possession of a controlled substance, heroin, in a drug-free zone, for which he was convicted and received a 3-year sentence on September 29, 2008, to run concurrently with his 25-year sentences for burglary of a building. The commencement date of his 3-year sentence was September 8, 2008, given that he received credit for time in custody after his arrest for the drug offense and before his sentencing on September 29, 2008. The parole petitioner started in July 1996 was revoked on October 22, 2008. At the time of the revocation he was serving three concurrent sentences, the burglary sentences that were imposed in July 1992 and the drug offense sentence that was imposed in September 2008.

Section 508.283(b) of the Texas Government Code provides that if the parole of a person described in section 508.149(a) of the Texas Government Code is revoked, that person may be required to serve the remaining portion of the sentence on which he was released on parole, and that the remaining portion is computed without credit for the time from the date of the person's release on parole to the date of revocation of the parole. The drug offense for which petitioner was convicted in September 2008 is an offense described in section 508.149(a). It is "a felony for

2

which the punishment is increased under Section 481.134 . . ., Health and Safety Code." Tex. Gov't Code § 508.149(a)(14) (Vernon Supp. 2009).[1] Eligibility under section 508.283(a) for credit for time spent on parole is determined by the law in effect on the date that the parole is revoked. See Ex parte Hernandez, 275 S.W.3d 895, 897-98 (Tex. Crim. App. 2009). A person serving a sentence for an offense listed in section 508.149(a) when his parole related to an earlier offense is revoked is subject to section 508.283(b), i.e., he does not have a right to credit on his earlier sentence for the time he was on parole or, as sometimes called, "street time." Id. at 898; see also Ex parte Foster, Nos. WR-36,343-02 & WR-36,343-03, 2007 WL 1347832, at *2 (Tex. Crim. App. May 9, 2007). Having no right under Texas law to have his sentence credited with the time he was released on parole, petitioner has no liberty interest in such a credit. Thompson v. Cockrell, 263 F.3d 423, 426 (5th Cir. 2001).

Petitioner incorrectly maintains that his case comes within the scope of section 508.283(c) of the Texas Government Code. He

---

[1] The parties seem to be in agreement that the drug offense for which petitioner was convicted and sentenced in September 2008 qualifies as a felony for which the punishment is increased under section 481.134 of the Texas Health and Safety Code.

is wrong because he is taken out of that section by the "other than a person described by Section 508.149(a)" exception to applicability of section 508.283(c). <u>Ex parte Foster</u>, 2007 WL 1347832, at *2.

For the reasons given above, the court adopts the findings, conclusions, and recommendation of Magistrate Judge Bleil. Therefore,

The court ORDERS that the relief sought by petitioner in his petition under § 2254 for writ of habeas corpus be, and is hereby, denied.

SIGNED February 23, 2010

JOHN McBRYDE
United States District Judge